IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**11/26/2008**

| | | |
|---|---|---|
| IN RE: | § | |
| TODAY'S DESTINY, INC. | § | CASE NO: 05-90080 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION

### Background

On October 13, 2005, Today's Destiny, Inc. ("Debtor") filed a chapter 7 bankruptcy petition. Debtor was in the business of selling "predictive dialing equipment" to dentists and chiropractors ("Customers"). "Predictive dialing equipment" is designed to increase the efficiency of telemarketers by connecting marketing agents only to "live" persons rather than unanswered phones, voice mail, or answering machines. Various financial institutions ("Lenders") financed the equipment sales and leases by entering into agreements with Customers.[1]

Customers have filed over 300 proofs of claim for damages arising from the sales and leases. Customers largely contend that Debtor sold them worthless equipment while leaving each Customer obligated to make approximately $30-40,000 in lease or note payments to Lenders. As of October 29, 2008, Customers' proofs of claim amounted to over $20,000,000.

On March 21, 2006, the chapter 7 Trustee filed an adversary proceeding against Debtor's principals and Lenders. The Trustee contends that Debtor and Lenders conspired to defraud Customers through the fraudulent sale and leasing of the predictive dialing equipment. The Trustee's adversary complaint seeks contribution and indemnity from Lenders for Today's

---

[1] The term "Lenders" refers to financial institutions, other lenders, and leasing companies, as used in the Court's July 6, 2007 Memorandum Opinion on Motions to Intervene and Order.

Debtor's liability on Customers' proofs of claim. Debtor's principals ("Insiders")[2] deny the allegations and Lenders deny any basis for joint liability.

During February through April of 2007, Insiders and Lenders filed Motions to Dismiss, Motions for More Definite Statement, and Motions to Abstain with respect to the Trustee's complaint. On April 11, 2008, the Court issued a Memorandum Opinion resolving a number of issues raised in the Insiders' and Lenders' motions. *In re Today's Destiny, Inc.*, 388 B.R. 737 (Bankr. S.D. Tex. 2008).

One issue resolved by the April 11 Opinion was whether the Trustee could assert a contribution claim against Lenders. Lenders argued that the Trustee could not assert a contribution claim based on Today's Destiny's liability arising from proofs of claim, in part, because proofs of claim do not constitute judgments. *Id.* at 754. The Court noted that an essential prerequisite to a contribution claim is a "fixed" liability. *Id.* The Court used its discretion to set a deadline for objections to proofs of claim and explicitly authorized any Lender to file an appropriate objection. *Id.* at 755. The Court stated that, after all objections were resolved, the Court would issue orders allowing or disallowing the proofs of claim. At that point, Today's Destiny's liability on the proofs of claim would be "fixed." *Id.* Accordingly, the Court held that the Trustee could assert a contribution claim under the Texas Civil Practices and Remedies Code. *Id.* at 751.

Since the Court issued its April 11 Opinion, Lenders have objected to all of Customers' proofs of claim. Lenders primarily contend that the proofs of claim should be disallowed because the proofs do not contain the documentation and factual basis required by the

---

[2] The "Insiders" include: Michael Day, president, chief executive officer and chairman of the board; Max K. Day, senior vice president and chief operating officer; Max O. Day, vice president; Chaz Robertson, vice president of sales; Joshua Smith, vice president of operations; Jared Day, the "closer" in sales and; Terry Vanderpool, General Counsel. On July 12, 2007, a default judgment was entered against Chaz Robertson and Joshua Smith.

Bankruptcy Rules.[3] Lenders, largely, do not contest that Customers contracted with Debtor and Lenders or Customers' allegations that Debtor defrauded Customers by selling them worthless equipment.

On July 16, 2008, the Court held a hearing on the objections and made oral rulings with respect to how the Court would resolve the objections. The Court issues this Memorandum Opinion in support of its oral rulings.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### Proofs of Claim

The claim allowance process is governed by §§ 501 and 502 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 3001 and 3002. Sections 501 and 502 define what claims are allowed and disallowed. Rule 3001 prescribes the procedure for adjudicating claim objections. The Rule essentially assigns burdens of proof once a party in interest has made a valid objection to a proof of claim. Rule 3001 does not add or subtract to the substantive rights provided in §§ 501 and 502. Rule 3002 generally defines the place and deadlines for filing proofs of claim.

---

[3] The Court notes that Judge Bohm recently issued an Opinion applying the Bankruptcy Rules and Code provisions governing claim allowance and disallowance. *In re Gilbreath.* 395 B.R. 356 (S.D. Tex. 2008). The *Gilbreath* Opinion involved factual circumstances and objections distinct from those presented in this case. Accordingly, the Court does not view this Memorandum Opinion as in conflict with *Gilbreath.* The *Gilbreath* Opinion also noted that its holding was limited to the facts particular to that case. 395 B.R. at 364–65, note 3.

### *i. Sections 501 and 502*

Section 502(a) provides that a timely filed proof of claim shall be deemed allowed by the bankruptcy court unless a party in interest objects. 11 U.S.C. § 502(a).[4]  Section 502(b)(1)-(9) lists nine separate grounds for disallowing a proof of claim. 11 U.S.C. § 502(b).[5]  If an objecting party does not raise a basis for disallowance provided by § 502(b), the court "shall allow" the claim.  The statute explicitly provides that the court *"shall allow* such claim in such amount, *except* to the extent that"* a grounds for allowance provided by § 502(b)(1)–(9) applies. *Id.* (emphasis added); *B-Line, LLC v. Kirkland (In re Kirkland)*, 379 B.R. 341, 345 (B.A.P. 10th Cir. 2007).

Section 502(b)'s nine grounds for disallowance do not include failure to comply with Bankruptcy Rule 3001.  Bankruptcy Rules may not contravene substantive rights contained in the Bankruptcy Code. *In re Padilla*, 379 B.R. 643, 657 (Bankr. S.D. Tex. 2007) (citing 28 U.S.C. § 2075); *In re Waindel*, 65 F.3d 1307, 1309 (5th Cir. 1995). "The Rules implement the Bankruptcy Code." *Id.* "The Rules governing claims cannot vary the terms of the statute by providing additional bases for an objection." *In re Kirkland*, 379 B.R. at 345. Bankruptcy Rule 3001 allocates the burden of proof with respect to a proof claim for which an objecting party has raised an objection that would warrant disallowance under § 502(b).  "Bankruptcy Rule 3001 does not enlarge the Debtors' statutory reasons to disallow a claim; it merely 'defines the process by which [the claims] may be effected." *In re Kirkland*, 379 B.R. at 345 (citing *In re Cluff*, 313 B.R. 323, 332 (Bankr. D. Utah 2004)).

---

[4] Section 502(a) provides: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." 11 U.S.C. § 502(a).

[5] Section 502(b) provides: "Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that— " one of nine grounds for disallowance is shown. 11 U.S.C. § 502(b).

Accordingly, if an objecting party asserts only that the claimant's proof of claim does not comply with Bankruptcy Rule 3001, without asserting a ground for disallowance provided under § 502(b), a cognizable claim must be allowed. *In re Kirkland*, 379 B.R. at 343–44 (Section 502(b) "mandates that the court 'shall allow' the claim, except to the extent it falls within one of nine enumerated categories of prohibited claims. The statute does not list among the grounds for disallowance the proof of claim's failure to adhere to the requirements of the Federal Rules of Bankruptcy Procedure, namely Rule 3001."); *In re Heath*, 331 B.R. 424, 435 (B.A.P. 9th Cir. 2005) ("objections that relied solely on the alleged lack of prima facie validity of the proofs of claims . . . [are] not a sufficient objection recognized by Section 502, which deems claims allowed and directs that the bankruptcy court 'shall' allow claims with limited exceptions . . ."; *Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, at 152 (B.A.P. 8th Cir. 2004) ("even if the claims had not substantially complied with Rule 3001, the claims are still allowed claims under Section 502 of the Bankruptcy Code unless the Debtor establishes an exception under Section 502(b)"); *In re Chalakee*, 385 B.R. 771, 775 (Bankr. N.D. Okla 2008) ("In the absence of a substantive objection based on one of the enumerated exceptions listed under § 502(b), the claim is deemed allowed, and Debtors' Objection on this basis is overruled."); *In re Shank*, 315 B.R. 799, 812 (Bankr. N.D. Ga. 2004) ("At a minimum, the bankruptcy rules must be interpreted as requiring that a challenge to a proof of claim assert a basis for its disallowance or reduction under 11 U.S.C. § 502(b) – the existence of at least a potential dispute – before the procedures governing the determination of disputes in the claims allowance process are even invoked.").

The Court finds the 10th Circuit B.A.P's interpretation of § 502(b) persuasive. *In re Kirkland*, 379 B.R. at 345. The Panel noted:

> Section 502 uses mandatory language, by providing that the court "shall" allow a claim "except to the extent that" one of nine exceptions apply. None of these exceptions recognize the failure to adhere to the requirements of the Rules. The list of exceptions is not preceded by the word "including," which would have established a non-exclusive list. Thus, the statute speaks in absolute terms: the court "shall allow" a claim "except to the extent that" the claim falls into one or more of the enumerated categories of claims.

*Id.*

However, the claim must contain sufficient information for parties to discern the general basis of the claim. The Rules contemplate an objection based on the inability to determine the validity of a claim because of the claimant's failure to comply with Rule 3001. Rule 3007(d) states how omnibus objections shall be made. Subsection (6) specifically provides that objecting parties may object to a proof of claim if the validity of the claim cannot be determined because of the claimant's failure to comply with the Bankruptcy Rules. Fed. R. Bankr. P. 3007(d)(6).[6] Accordingly, if an objecting party cannot discern whether there is a §502(b) objection to the claim because the claimant failed to comply with the Bankruptcy Rules, the Court does not read the Code and Rules as requiring allowance. Due process requires no less.

### *ii. Rule 3001*

Subsections (a)–(e) of Rule 3001 state how a proof of claim should be filed. Fed. R. Bankr. P. 3001(e)–(f). A proof of claim generally "shall be executed by the creditor or the creditor's authorized agent." Fed. R. Bankr. P. 3001(b). If a claim is based on writing, the creditor generally must include the original or a duplicate of the writing. Fed. R. Bankr. P. 3001(c). If a claim alleges a security interest, the claimant must include evidence of a perfected security interest. Fed. R. Bankr. P. 3001(d). A proof of claim must be in writing. Fed. R. Bankr.

---

[6] Rule 3007(d) provides that omnibus objections may be raised based on the ground that the claims "were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of noncompliance."

P. 3001(a).  The contents of the writing "shall conform substantially to the appropriate Official Form." *Id.*[7]

Form 10 is the official proof of claim form.  Form 10 is a single page document requiring little detail.  The Northern District of Texas Bankruptcy Court issued a joint Opinion describing From 10's requirements as follows:

> (1) a creditor's name and address,
> (2) basis for claim,
> (3) date debt incurred,
> (4) amount of claim,
> (5) classification of claim, and
> (6) supporting documents.

*In re Armstrong*, 320 B.R. at 104 (quoting *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).  If the amount of claim includes "interest or other charges in addition to the principal amount of claim," the creditor must attach an itemized statement of the charges.  Official Form 10; *In re Armstrong*, 320 B.R. at 104.  Supporting documents are not absolutely required.  If the supporting documents are voluminous, the creditor can attach a summary of the documents.  *Id.*  If the documents are not available, the form provides space for the claimant to explain the unavailability.  *Id.*  Unless a creditor asserts a security interest, "the rules do not require that evidence be attached to the proof of claim." *In re Garner*, 246 B.R. 617, 621 (B.A.P. 9th Cir. 2000).

Rule 3001(f) provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  If the proof of claim is filed in accordance with Rule 3001(c) and Official Form 10, "Rule 3001(f) is triggered, giving the creditor's claim prima facie validity." *In re Armstrong*, 320 B.R. 97, 104 (N.D. Tex. 2005).

---

[7] Rule 3001 imposes additional requirements if the claim has been transferred. Fed. R. Bankr. P. 3001(e).  The proofs of claim subject to this Memorandum Opinion are not transferred claims.

If a proof of claim has prima facie validity, the objecting party must produce sufficient evidence to overcome the proof of claim's prima facie validity. 11 U.S.C. § 502(a); *In re Armstrong*, 320 B.R. at 102–03.[8] Conclusory statements are insufficient to rebut 3001(f)'s presumption. The objecting party must put forth "evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* (quoting *In re Rally Partners, LP*, 306 B.R. 165, 168–69 (Bankr. E.D. Tex. 2003)); *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000) ("To overcome this prima facie evidence, the objecting party must come forth with evidence, which, if believed, would refute at least one of the allegations essential to the claim.") (citing *In re Allegheny Int'l. Inc.*, 954 F.2d 167 (3rd Cir. 1992)); *In re Nazu, Inc.*, 350 B.R. 304, 323 (Bankr. S.D. Tex. 2006) ("Because the Debtor has produced no evidence to rebut Farr's Claim, Farr need not produce additional evidence to prove her Claim beyond a preponderance of the evidence."); *In re Brown*, 221 B.R. 46, 47–48 (Bankr. S.D. Ga. 1998); Fed. Bankr. R. P. 3001(f), Editor's Comment (f) ("The mere denial of the validity or the amount of a claim is insufficient to [overcome the presumption of validity], and the objecting party must establish at least a prima facie case in support of the objection.").

If the objecting party puts forth sufficient evidence to rebut a proof of claim's prima facie validity, the claim is not per se denied. *In re Armstrong*, 320 B.R. at 104; *In re Los Angeles Int'l Airport Hotel Assoc.*, 196 B.R. 134, 139 (9th Cir. 1996). Rather, the proof of claim simply loses the presumption of validity. *In re Cluff*, 313 B.R. 323, 331 (Bankr. D. Utah 2004) ("Bankruptcy

---

[8] The Trustee contends that Lenders and Insiders lack standing to object to the proofs of claim. The Court's April 11 Opinion and accompanying Orders specifically authorized Lenders and Insiders to object. *In re Today's Destiny*, 388 B.R. at 755. Lenders and Insiders are "parties in interest" in that they are currently defendants in an adversary proceeding that seeks to impose joint-liability on Lenders and Insiders for Today's Destiny's liability on Customers' proofs of claim. If Lenders are jointly liable, they may have a contribution claim against Today's Destiny.

Rule 3001 does not provide substantive grounds for disallowance; it merely determines which party has the burden of proof."). The claimant may still establish the claim's validity at an evidentiary hearing. At the evidentiary hearing, who bears the burden of proof and the standard of proof are determined by applicable state law. *In re Armstrong*, 320 B.R. at 103 (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 120 S.Ct. 1951 (2000)). As the Ninth Circuit Bankruptcy Appellate Panel succinctly stated:

> The presumption treating the proof of claim as prima facie evidence of validity and amount operates to create a mere rebuttable presumption. If rebutted, then the ultimate burden of proof is on the claimant.

*In re Garner*, 246 B.R. at 622.

## Analysis

Lenders assert 11 categories of objections to Customers' proofs of claim. The Court considers the objections separately below.

### i. Failure to Comply with Rule 3001

Lenders primarily object to Customers' proofs of claim because the claims allegedly were not filed in accordance with Bankruptcy Rule 3001. Customers' proofs of claim were filed with varying degrees of detail. Most include all the information and documentation required by Rule 3001. Others do not include the required documentation, but nevertheless assert cognizable claims that may not be disallowed solely on the basis that the claims do not have prima facie validity. A few claims include no documentation and lack sufficient information to state a cognizable claim. Lenders' objections to this last category of claims will be sustained.[9]

---

[9] For amended claims, the Court considered all documentation included in the original claim and subsequent amendments.

### a. Proofs of Claim Complying with Rule 3001

Most Customers filed a completed Official Form 10 and attached copies of sale or lease contracts, invoices, cashiers checks, and signed statements.  Some do not include a contract, but do include invoices, checks, letters, state court pleadings, or other documentation evidencing a contract between the claimant and Debtor or Lenders and explaining the basis of their claim. Appendix A lists all proofs of claim that have these characteristics.  The proofs in Appendix A fully conform with Rule 3001.  The proofs contain the information required by Official Form 10 and documentation that evidences the basis of the claim.

Accordingly, Lenders' Rule 3001 objections to claims in Appendix A are denied.  The claims in Appendix A will be allowed, subject to objections not resolved by this Opinion.

### b. Proofs of Claim Substantially Complying with Rule 3001

Many proofs of claims include no documentation, but do include a signed statement explaining the basis of the claim.  Others do not include documentation or a statement, but do explain the basis of the claim within Official Form 10.  Appendix B lists all proofs of claim having these characteristics.

Rule 3001 is not inflexible.  Rule 3001 provides that a proof of claim "shall conform *substantially* to the appropriate Official Form. Fed. R. Bankr. P. 3001(a). Though the proofs of claim listed in Appendix B do not include documentation, the statements sufficiently inform objecting parties of the basis of their claims.  Lenders' objections to claims listed in Appendix B do not assert that the Lender cannot evaluate the validity of the claim because of the claimant's alleged non-compliance with Rule 3001.  The proofs of claim were filed on completed Official Form 10s and adequately describe the basis of the claims.  The proofs fulfill Rule 3001's purpose

of providing objecting parties with sufficient information to evaluate the nature of the claim. Accordingly, the Court finds that the proofs "substantially conform" to Official Form 10.

Moreover, Lenders have not asserted a basis for which the proofs of claim may be disallowed under § 502(b). As discussed above, claims may not be disallowed solely for non-compliance with Bankruptcy Rule 3001. Lenders do not contest that these Customers had a lease or sale contract with Debtor or a Lender. Many objections admit Customers were a party to such a contract. Lenders have offered no affidavits or any other probative evidence contesting Customers' claims against Debtor. No Lender has been willing to affirmatively state that Today's Destiny has no liability with respect to Customers. The Trustee has admitted that Today's Destiny committed fraud.

As discussed earlier, an objection asserting that a proof of claim does not comply with Rule 3001 does not trigger the Court's review of the claim. An objection must challenge the underlying merits of the claim. *In re Rally Partners, L.P.*, 306 B.R. at 168.

In response to a mere formal objection, the Court should allow a claim containing sufficient information for an objecting party to discern the basis of the claim. *In re Kirkland,* 379 B.R. 341. This interpretation is consistent with the primary purpose of the Bankruptcy Code and Rule 1001. "[T]his Court has long recognized that a chief purpose of the bankruptcy law is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period." *Katchen v. Landy*, 382 U.S. 323, 328–29, 86 S.Ct. 467 (1966) (quoting *Ex Parte Christy*, 3 How. 292, 312, 11 L.Ed. 603 (1845)). Rule 1001 provides: "These Rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001.

Instituting a full evidentiary hearing based solely on an allegation that a proof of claim did not comply with Rule 3001 would increase delays and costs in administrating bankruptcy estates and work injustice.  It would force the Trustee to object to clams for which the Trustee has no reason to contest the underlying merits of the claim, and encourage debtors to object to legitimate claims.   Requiring an objection to state a ground for disallowance provided by § 502(b)(1)–(9) imposes no significant burden on an objecting party when the party has valid reasons to question the underlying validity of a proof of claim.  Allowing a party to object based solely on a claimant's alleged non-compliance with Bankruptcy Rule 3001 frees the objecting party from the burden of Rule 11 while affording the objecting party the chance that a valid claim may be disallowed due to a creditor's lack of attention, sophistication, or willingness to incur the expense of fighting the objection. As the 10th Cir. B.A.P. noted:

> Although a creditor may be able to amend its proof of clam or appear at a hearing to establish the claim, the practical reality in bankruptcy is that many claim objections are never responded to by affected creditors.  Sophisticated creditors may simply choose not to respond.  In fact, it may not be cost-effective.  In the typical Chapter 7 case, the percentage of distribution on claims is small and entities generally cannot appear in federal court, by filing a response or otherwise, without representation of counsel admitted in the state in which the court resides. Thus, creditors who are non-natural person may be forced to spend more to respond to a claim objection than they could ever hope to realize from a distribution.  Unsophisticated creditors, like the small business owner and child support creditor, may not appreciate the need to respond, are too intimated to enter into the court hearing process without the aid of counsel, and/or may not be able to afford counsel.

*In re Kirkland*, 379 B.R. at 349.

Accordingly, Lenders' Rule 3001 objections to claims listed in Appendix B are denied.

### c. Disallowed Claims

A minority of claims included no documentation, statement, or explanation within Form 10.  Appendix C lists all proofs of claim bearing these characteristics.  Lenders object to these

12

claims not only because the claims did not comply with Rule 3001, but also because Lenders assert that they cannot evaluate the validity of the claim because of the claimant's non-compliance. The Court sustains Lenders' objections to claims listed in Appendix C. Lenders' objection to these claims raises more than a technicality. Though the Court does not read Rule 3001 and § 502 as requiring per se disallowance of a claim because of a failure to strictly adhere to the Rule, the Court also does not read Rule 3001 as lacking minimum standards. The primary purpose of Rule 3001 is to afford claimants a procedure for filing a claim that is both efficient, *and* informative. At a minimum, a proof of claim must contain sufficient information for a party in interest to evaluate the basis of the claim. A claim that includes no documentation and no statements explaining the basis of the claim does not state a cognizable claim. Claimants have been afforded the opportunity to amend their claims and respond to Lenders' objections. Claimants with claims listed in Appendix C have chosen to forgo amending their claims. Accordingly, the Court sustains Lenders' objections and disallows claims listed in Appendix C.

### ii. Rule 7009

Lenders contend that Customers' proofs of claim should be disallowed because the proofs do not comply with Federal Rule of Bankruptcy Procedure 7009. Lenders reason that their objections to the proofs of claim converted the claims allowance process into contested matters. Rule 9014 triggers the application of Rule 7009 to contested matters. Lenders contend that the Court must disallow the proofs of claim because Customers' proofs of claim did not comply with Rule 7009's pleading requirements. The Court disagrees.

Rule 7009 does not per se apply to a proof of claim. A proof of claim is not a complaint and is not supposed to be. Rule 3001 is specific in stating that a proof of claim should comply substantially with Official Form 10. Official Form 10, not Rule 7009, generally governs

13

pleading requirements for a proof of claim.  Official Form 10 requires the creditor to include

only basic facts as to the identity of the claimant, and the amount, nature, and basis of the claim.

The form and accompanying instruction evidence an intent for a single word or, at most, a single

sentence description of the claim.  For example, line 2 of the proof of claim asks for the "basis of

the claim."  Line 2 provides a single line for an answer and refers the claimant to instruction #2

on the reverse side of the proof of claim for how to answer the question.  Instruction #2 states:

> State the type of debt or how it was incurred.  Examples include goods sold,
> money loaned, services performed, personal injury/wrongful death, car loan,
> mortgage note, and credit card.

Form 10 does not have the space for a claimant to assert a factual predicate in the detail required

by Rule 7009.  Nor does Form 10 suggest that a claimant should file an attachment in response to

Line 2.  Allowance or disallowance of a claim is intended to be a simple, inexpensive matter.

*Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 435 (B.A.P. 9th

Cir. 2005) ("The procedure for claims allowance or disallowance is designed to be speedy and

inexpensive.").  Indeed, considering that most claims filed by unsecured creditors in a typical

consumer debtor's bankruptcy case are relatively nominal in amount, an inexpensive claim

process is all that is practical.

Rule 7009 may be triggered by a substantive objection to a proof of claim.  An objection

to a proof of claim creates a contested matter. *Simmons v. Savell (In re Simmons)*, 765 F.2d 547,

552 (5th Cir. 1985); Fed. R. Bankr. P. 3007, Advisory Committee Note (1983).  Contested

matters are governed by Rule 9014. Fed. R. Bankr. P. 9014(a). Rule 9014(c) triggers the

application of certain rules from Part VII of the Federal Rules of Bankruptcy Procedure that are

generally applied to adversary proceedings. Fed. R. Bankr. P. 9014(c).  Rule 7009 is one such

Rule.  Rule 7009 requires claimants to plead fraud with particularity. Fed. R. Bankr. P. 7009(b).

However, an objection that fails to raise an objection that falls under § 502(b) does not trigger a "contested matter." *In re Chalakee*, 385 B.R. at 782 ("In the absence of a good faith, substantive objection that either the Debtors do not owe the debt, or that the amount claimed is erroneous, based squarely within § 502(b), the Objections, as filed, are insufficient to trigger a contested mater that will require a response . . ."). As discussed earlier in this Memorandum Opinion, Lenders have largely made only procedural objections. Rather than asserting an objection under § 502(b), Lenders contend that Customers' proofs of claim should be disallowed because the proofs were not filed in accordance with Rule 3001 and Official Form 10. Accordingly, a "contested matter" has not been triggered.

Even if Lenders' objections were sufficient to trigger contested matters, Rule 9014 does not per se require a creditor to comply with Rule 7009. Application of Rule 7009 is discretionary. Rule 9014(c) provides that the cited Part VII rules apply "unless the court directs otherwise." Fed. R. Bankr. P. 9014(c).

It would be premature to apply Rule 7009 given the current stage of the claims allowance process. Rule 7009 was designed for adversary proceedings. Fed. R. Bankr. P. 7009 ("Rule 9 FR Civ. P. applies in adversary proceedings."). The proof of claim adjudicative process does not truly become akin to an adversary proceeding until the claim's validity has been contested. If the objecting party puts forth sufficient evidence to rebut a proof of claim's prima facie validity, the proof of claim loses the presumption of validity. *In re Armstrong*, 320 B.R. at 104; *In re Los Angeles Int'l Airport Hotel Assoc.*, 196 B.R. at 139; *In re Cluff*, 313 B.R. at 331. If a claim's prima facie validity is rebutted, an evidentiary hearing, akin to trial of an adversary proceeding, must be held.

Until a proof of claim's prima facie validity is rebutted, requiring a claimant to comply with Rule 7009 would be inconsistent with Rule 1001 and the informal and inexpensive claim process Rule 3001 and Official Form 10 were intended to create. Rule 1001 directs courts to construe the rules "to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001. Lenders have not introduced evidence sufficient to overcome the claim's prima facie validity. Requiring Customers to file detailed complaints where the substantive merits of Customers' claims are not disputed would simply add delay and expense.[10]

Lenders make two additional arguments. Lenders note that the Court's April 11 Opinion stated that the proofs of claim allowance process would contain many of the procedural protections provided by the Federal Rules of Civil Procedure. The Court's statement assumed that substantive objections would be made. Lenders were free to make substantive objections and submit evidence contesting the prima facie validity of the proofs of claim. Substantive objections have not been made. Evidence has not been introduced. Procedures applicable to objections do not apply if a proper objection is not made.

Lenders also contend that Rule 7009 must apply because the Court previously stated that a proof of claim is the equivalent of a complaint. Lenders mischaracterize the Court's statement. In the Court's April 11 Memorandum Opinion, the Court never stated or implied that a filed proof of claim is per se the equivalent of a complaint. Rather, the Court stated that, to the extent the Texas Civil Practice and Remedies Code requires a formal proceeding in which a defendant's liability will be fixed in a judgment, a proof of claim is the equivalent of a complaint in that a

---

[10] The Court recognizes that some Courts have required creditors who filed disputed proofs of claims to comply with Rule 7009. *See In re McDaniel*, 347 B.R. 444 (D. Fla. 2006). The Court does not hold that Rule 7009 should never be applied to a disputed proof of claim. This Court's holding is limited to the facts of this case.

proof of claim will also trigger a formal proceeding in which liability will be fixed.  The Court stated:

> This Court does not hold that a proof of claim is equivalent to a commencement of a lawsuit for *all* purposes.  The Court's ruling is limited to whether a proof of claim is equivalent to commencement of a civil lawsuit for purposes of the Texas Proportionate Responsibility Statute.  Based on Fifth Circuit precedent and the text of the Texas Statute, the Court holds that a debtor can assert a contribution claim for liability arising from a fixed proof of claim.

*In re Today's Destiny, Inc.*, 388 B.R. at 758, note 19.

### iii. Affirmative Defenses

Lenders have asserted numerous affirmative defenses, including *in pari delicto*, estoppel, offset, or release.  The Court is unclear on whose behalf Lenders assert the affirmative defenses.  The Court is also unclear as to the factual basis for the affirmative defenses.

Customers' proofs of claim are claims against Today's Destiny.  A proof of claim cannot seek from a debtor liability owed independently by a third-party.  To the extent that Lenders assert affirmative defenses on their own behalf, the Court denies the objections as unrelated to a determination of Today's Destiny's liability.

If the objections assert affirmative defenses on Today's Destiny's behalf, the objections do not clarify the legal or factual basis for such defenses.  Accordingly, Lenders wishing to assert an affirmative defense on behalf of Today's Destiny must file a brief explaining the legal and factual basis for the assertion.  The factual predicate for the affirmative defense must be set forth by affidavit and on a claim by claim basis.  The Court will issue a separate order providing briefing deadlines.

*iv. Lender Liability*

Lenders contend that the proofs of claim are not prima facie valid to the extent they seek damages from Lenders and Insiders as joint tortfeasors. Lenders allege that the proofs of claim allege no factual basis for Lenders' joint liability.

The Court's April 11 Memorandum Opinion was careful to note that an order allowing a proof of claim would only establish Today's Destiny's liability on the claim. *Id.* at 755. The Court noted:

> Any 'party in interest' who fails to object to Customers' proofs of claim will be estopped from later objecting to Today's Destiny's liability on the Customer's proofs of claim . . . Failure to object to Customers' proofs of claim will not estop any Lender or other 'party in interest' from contesting any claims brought against the Lender based on Today's Destiny's liability on the Customers' proofs of claim.

*Id.* An order allowing a proof of claim would not establish any liability with respect to Lenders. The Court continued:

> Moreover, the Trustee's contribution claim is not being asserted within a proof of claim or an objection to a proof of claim. The contribution claim is being asserted within an adversary proceeding. To succeed on the contribution claims, the Trustee will have to establish each Lenders' proportionate responsibility with respect to Customers the Lenders contracted with. The Trustee will have to meet his burden within the present adversary proceeding. Adversary proceedings within a bankruptcy court are afforded the procedural protections of the Federal Rules of Bankruptcy Procedure.

*Id.* at 758.

Accordingly, the Court denies Lenders' objections to the proofs of claim for failing to allege a factual basis for holding Lenders jointly liable. To the extent that the Court allows the proofs of claim, the claims are allowed only against Today's Destiny.

18

***v. Late Filed Claims***

Lenders object to claims that have been filed after the deadline for filing proofs of claim.

Section 726(a)(3) provides that tardily-field proofs of claim are subordinated to timely-filed claims. 11 U.S.C. § 726(a)(3). No hearing is required. The claimant has the burden of filing a motion to convert untimely claims into timely claims. If a motion to convert is not filed, subordination occurs as a matter of law. 11 U.S.C. § 726(a)(3). Neither § 726(a)(3) nor any other Code provision provides for disallowance of untimely proofs of claim.

***vi. Damages***

Lenders object to the amount of damages asserted in the Customers' proofs of claim. Proofs of claim assert any or all of three types of damages: actual damages, lost profits, and consequential damages.

**a. Actual Damages**

Actual damages shall be calculated as follows: payments actually made under the lease as of the petition date, plus the present value of payments to be made. The present value shall be discounted to the rate set forth in the Supreme Court's *Till* opinion. *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951 (2004). The Court will use a discount rate of the prime rate plus 1.5%.

The Trustee shall file a motion that includes a table stating the actual damages for each allowed proof of claim by noon on December 22, 2008. Any party objecting to the Trustee's calculation shall file an objection by noon on January 19, 2009. The court will hold an evidentiary hearing on January 21, 2009 at 1:30 p.m., to resolve any objections.

**b. Lost Profits and Consequential Damages**

The Court will conduct an evidentiary hearing on alleged lost profit and consequential damages. Summary judgment motions shall be filed by noon on January 9, 2009. Responses are

due by noon on January 30, 2009.   Rule 56(f) will be utilized if discovery is required for contested summary judgment motions.

### vii. Duplicate Claims

Objections based on duplicate claims have been resolved.

Pursuant to the Court's July 16, 2008 Claims Objection Control Order, the Trustee filed a proposed Order giving claimants notice of objections alleging duplicate claims and requiring responses. Few responses were filed. On October 7, 2008, the Court held a hearing to consider the responses that were filed. The responses largely stated that the claimant intended the latter claim to constitute an amended claim. Consequently, the Court signed an order that disallowed the earlier filed claims subject to the Trustee's proposed order and allowed the latter filed claims, subject to Lenders' pending objections.

### viii. Priority and Secured Claims

Objections based on a claim's classification have been resolved.

Pursuant to the Court's July 16, 2008 Claims Objection Control Order, the Trustee filed a proposed order giving claimants notice of objections alleging improper classifications, and requiring responses. On October 7, 2008, the Court held a hearing to consider the responses that were filed. The few responses filed largely stated equitable reasons for giving their claims priority or secured status. The Bankruptcy Code generally does not allow the Court to depart from the statutorily defined classification scheme. Consequently, the Court signed an Order that allowed the claims as unsecured claims only, and subject to pending objections.

### ix. Collusion with the Trustee

The collusion objections are moot.

The July 21, 2008 Claims Objection Control Order required Lenders alleging collusion as a basis for disallowing proofs of claim to brief the effect of the alleged collusion on the claims allowance process. On September 16th, 2008, Lenders filed a motion that withdrew their objections based on alleged collusion.

### x. Informal Proofs of Claim

Objections to alleged informal proofs of claim are moot.

Any claimant alleging that their proof of claim is an informal proof of claim must seek allowance of the proof of claim by motion. No such motions have been filed. Accordingly, on October 8, 2008, the Court issued an Order holding that the objections to allegedly informal proofs of claim are premature.

### xi. Non-Customer Proofs of Claim

The Trustee objected to claims filed by a Lender, Bankers Healthcare Group, Inc. The parties agreed to abate the objection until resolution of a pending adversary proceeding. Accordingly, on July 30, 2008, the Court issued an Order abating the Trustee's objection to Bankers Health Croup, Inc.'s proof of claim. The Trustee also objected to three claims filed by Wells Fargo Bank, N.A. On July 2, 2008, Wells Fargo withdrew the claims.

## Conclusion

For the reasons set forth above, the Court denies Insiders' and Lenders' objections with respect to the following arguments: Rule 3001, Rule 7009, lender liability, late filed claims, and collusion. Objections based on asserted affirmative defenses and damages calculations are

reserved pending additional briefing and hearings.   A separate Order providing briefing deadlines and hearing dates will be issued.[11]

      Signed at Houston, Texas, on November 26, 2008.

MARVIN ISGUR
United States Bankruptcy Judge

---

[11] The Court's April 11 Opinion set a deadline of May 12, 2008 for objecting to proofs of claim filed at that time. The Court has not set a deadline for objecting to proofs of claim filed after April 11, 2008. This Memorandum Opinion applies to all proofs of claim filed through April 11, 2008, as well as any claim amending a claim filed before April 11 and allowed subject to pending objections pursuant to the Court's October 7, 2009 Order on Objections to Duplicate Proofs of Claim.  The Trustee's damages calculation shall include claims listed in Appendix A and B.  Lenders right to object to damages calculations and brief the application of affirmative defenses applies to all claims listed in Appendix A and B.

**APPENDIX A:**


**Proofs of Claim Numbers:**

8, 9, 10, 11, 15, 20, 26, 31, 32, 33

34, 35, 38, 40, 41, 45, 46, 48, 51, 57

58, 59, 75, 76, 77, 78, 80, 82, 83, 87

91, 92, 94, 96, 98, 102, 104, 108, 109, 110

111, 123, 124, 126, 129, 132, 133, 134, 135, 136

137, 138, 139, 140, 141, 142, 144, 145, 146, 153

154, 155, 156, 157, 159, 161, 162, 167, 168, 169

170, 172, 175, 177, 179, 180, 184, 185, 186, 189

190, 193, 196, 198, 201, 203, 211, 215, 217, 218

219, 221, 223, 224, 228, 229, 230, 231, 233, 235

236, 239, 240, 244, 245, 246, 248, 250, 251, 252

253, 254, 255, 256, 257, 258, 259, 261, 262, 263

265, 267, 268, 270, 271, 273, 275, 276, 277, 278

280, 281, 282, 283, 287, 288, 297, 298, 303, 304

338, 372, 375

**APPENDIX B**

**Proofs of Claim Numbers:**

3, 7, 8, 19, 21, 30, 36, 47, 56, 66

67, 71, 99, 100, 106, 131, 150, 151, 160, 182

205, 206, 216, 225, 232, 237, 238, 243, 274, 284

295, 299, 302, 308, 309, 311, 312, 313, 314, 317

321, 322, 323, 325, 326, 328, 329, 334, 337, 339

346, 347, 348, 350 352, 353, 354, 359, 362, 365

366, 370, 371, 373, 374

**APPENDIX C**

**Proofs of Claim Numbers:**

17, 43, 49, 73, 89, 95, 112, 114, 115, 118

119, 120, 121, 127, 158, 163, 164, 166, 178, 187

188, 194, 195, 199, 200, 202, 214, 226, 234, 241

260, 264, 269, 285, 289, 290, 291, 292, 293

294, 296, 333

373